## VALENTINE S. COOK *vs.* STEPHEN S. GUICE.

Where A. sued B. upon a promissory note which was given for a certain house and lot, which A. was to convey to B. upon the payment of the purchase-money; and B. answered, that A. did not, before the commencement of the suit, demand payment of said note, and tender to him (B.) a deed; to which answer A. filed a general denial. *Held*, that under such an issue A. was compelled to prove a demand of payment of the note and a tender to B. of a deed to the property.

A demurrer should have been filed by A. to the answer, on the ground that the covenants set forth are independent.

IN error from the circuit court of Coahoma county; Hon. R. Barnett, judge.

Stephen L. Guice brought a suit on a note given by Cook, who as a defence to the action, filed his answer to the complaint, and alleged, first, that the writing obligatory sued on was given for a house and lot in the town of Delta, in Coahoma county, sold by Guice to Cook; that Guice, on the day of the

date of the writing obligatory, executed to Cook his obligation, binding himself to convey the house and lot to Cook upon the payment of the writing obligatory, and that Guice had no title whatever to the house and lot in question. Second, that the writing obligatory sued on was executed in consideration of a house and lot in the town of Delta, sold by Guice to Cook; that it was agreed between the parties that Guice should convey the house and lot to Cook upon the payment of the writing obligatory, but that Guice did not, after the maturity of the writing obligatory, demand payment thereof from Cook and tender to him a deed for the house and lot in question.

To the answer of Cook, Guice interposed a replication containing a general denial of the allegations of the answer.

Upon the trial in the court below, Guice read the writing obligatory sued upon, and then rested. Cook then read as evidence an obligation, executed by Guice, in these words: —

" Received of V. C. Cook his note, dated this day, for one hundred and two dollars, for and in consideration of a house and lot lately occupied by me in the town of Delta, Coahoma county, Miss., which I will convey to him upon the payment of said note by said Cook. Witness my hand and seal, this 2nd November, A. D. 1850.

S. L. GUICE." [Seal.]

The defendant below (Cook) asked the court to charge the jury, " That it is incumbent on the plaintiff in this cause, in order to entitle him to recover in this suit, to prove affirmatively that before the commencement of this suit he demanded payment of the obligation sued on from defendant, and tendered him a deed for the house and lot." Second, " That unless the jury believe from the evidence that the plaintiff, before the commencement of this suit demanded from the defendant the payment of the obligation sued on, and tendered him a deed for the house and lot, they should find for the defendant." But the circuit court refused to give both the above charges.

The jury found a verdict in favor of Guice, and Cook prayed a writ of error to this court.

*Wm. F. Stearns,* for appellant.

The second plea of the defendant sets up, as a defence, the same facts which, in *Wadlington* v. *Hill,* 10 S. & M. 560, were adjudged to constitute a bar to the action, namely, that the note sued on was given for a house and lot; that the plaintiff had agreed to convey the house and lot to the defendant upon the payment of the note sued on, and that, after the maturity of the note, the plaintiff did not demand payment thereof, and tender to the defendant a deed for the house and lot in question.

The replication contains a general denial of the several allegations of the plea; and thus, as I conceive, the plaintiff below took upon himself the burden of proving, affirmatively, that he did, before instituting his suit, demand payment of the note and tender a conveyance.

It is admitted that it was incumbent upon the defendant below to prove the consideration of the note sued on, but that appeared upon the face of the note sued on, which was set out at length in the complaint.

The allegations of the plea are negative in their character. It is averred that the plaintiff did not perform certain acts therein specified. A denial of those averments involves the allegation, necessarily, that the plaintiff did perform those acts. And if he did perform them, and seeks to derive a benefit from the fact of such performance, he must prove the fact, because he holds the affirmative of the issue. I submit, therefore, that the instructions asked for were improperly refused.

If any of the foregoing assignments of error are correct, it requires no argument to show that error was committed in refusing a new trial.

*Freeman* and *Dixon,* for appellee.

It is insisted on the part of the defendant in error, that the payment of the money by the vendee in this case, was a condition to be performed before he was entitled to the delivery of the deed; that under the contract the covenants were not mutual, but that the vendee could alone be entitled to receive

Cook *v.* Guice.

his deed upon demand after he had paid the purchase price for the land; if we are correct in this position the court will not disturb the judgment.

If it is ruled against us, then we show that we have tendered full and perfect deeds of conveyance. But it is objected that the deed tendered was executed by Cook, the attorney in fact of Cook & Guice, the vendors of the land, the evidence of which agency consisted in a copy of the record of the power without showing the original.

That the deed is signed by the grantor's name alone, without the addition of the agent's name, and that the deed though thus signed, was acknowledged and delivered by the agent when it should have been done by the principal, whose name alone appears to the deed.

The statute Hutch. Code, p. 606, § 8, 9, which makes it the duty of the register of the county to record in a well-bound book, &c., all deeds, bonds, mortgages, or other instruments of writing, of or concerning real or personal estate within his county, which may be acknowledged or proved and certified, &c., and Hutch. Code, p. 869, Act 11, § 1, which declares that copies of all recorded deeds, &c., which are required or permitted to be recorded, evidence in any court of law or equity in this State.

Mr. Justice FISHER delivered the opinion of the court.

This was a suit upon a writing obligatory, in the circuit court of Coahoma county, for the sum of $102.

The defendant below answered that the note sued on was given for a certain house and lot in the town of Delta, which the plaintiff was to convey to the defendant upon payment of the purchase-money; and that the plaintiff did not before the commencement of the suit demand payment of said note, and tender to the defendant a deed for said lot.

To this answer there was a general denial.

The question is, whether the plaintiff upon the issue thus formed, was bound to prove on the trial a demand of payment and a tender of the deed. To this question we respond in the affirmative. The plaintiff could and ought to have demurred to the answer, on the ground that the covenants set forth are

21 *

independent, but this he omitted to do, and we cannot say that the issue is immaterial.

Judgment reversed, and cause remanded.  *Venire de novo.*